Scott, J.
The oxlginal proceedings, here sought to be x-eviewed, were instituted by the defendant in error against the plaintiff in error, in the probate coux’t of Warren county, under the act of April 6, 1865 (62 O. L. 85), S. & S. 114, *283 supplemental to the act of April 30, 1852: “ To provide for compensation to the owners of private property appropriated to the use of corporations.” (S. & C. 311.)
These proceedings were instituted by filing a petition in the probate court on the 17th of August, 1866, and the plaintiff in error having been made a party defendant, further proceedings were had, which resulted in an assessment of compensation and damages, by a jury, in favor of the plaintiff below, for the sum of $1,975.38, for which sum judgment was rendered against the defendant on the 29th of December, 1866. During the progress of these proceedings in the probate court, a bill of exceptions was taken by the plaintiff in error; and to reverse said judgment the plaintiff in error, on the 30th day of March, 1867, filed a petition in error in the court of common pleas of said county, in which many errors are alleged to have occurred in the proceedings and judgment so had and rendered in the probate court. Upon the hearing of this petition in error, the judgment of the probate court was affirmed by the court of common pleas; and to reverse this judgment of affirmance, the plaintiff in error filed a petition in error in the district court, and by reservation therein the case comes to this court for decision.
Before proceeding to state and determine the questions arising upon the various assignments of error in this case, it becomes necessary to inquire whether the proceedings and judgment of the probate court were open to review in the court of common pleas, under the petition in error filed therein by the present plaintiff. That petition was filed three months after the rendition of the judgment of the probate court which was sought to be reviewed.
The ninth section of the act of April 30, 1852, before referred to, provides that the proceedings in the probate court, which are authorized by that act, “ shall be open to exceptions, in the same manner that exceptions are or may be taken in civil suits in the court of common pleas; and either party may take the same up to the court of common pleas of the proper county, on a writ of oertiora/ri. . . Fro *284 vided that such writ of certiorari shall be issued within fifteen days from the rendition of the judgment in the probate court.” Now, it is claimed by defendant in error, that this provision is applicable to proceedings instituted under the supplemental act of 1865, and that the proceedings and judgment in the probate court can only be reviewed when the petition in error (which, under the code, takes the place of the obsolete writ of certiorari) is filed in the court of common pleas, within fifteen days from the rendition of the judgment in the probate court. We discover no satisfactory grounds upon which this claim can be refuted or overruled.
The act of 1865 is merely supplemental or additional to that of 1852.- It repeals none of the provisions of the former act, but was intended to compel railroad corporations to proceed pursuant to the provisions of the former act, to perfect appropriations of land which they had taken and were in fact using for the purposes of their roads, without the consent of the owners, and without, having paid thereforand on their default to do so, then to authorize the land-owner to institute similar proceedings, to become the actor, and to obtain an assessment by a jury of the compensation and damages due him for the land so taken, in the mode prescribed by the act of 1852, and to obtain a judgment and execution, if necessary, against the corporation for the amount of such compensation and damages.
Its provisions are as follows:
Sec. I. “ That in all cases, where any railroad company has taken possession of and is now using the land of any person, or persons, for its track, or any other purpose, and which land, or right of way, so used and occupied,, has not been condemned, and paid for by such, company, or is. not held by any agreement with the owner or owners, the said company shall,, within ten days after its president or secretary shall have been notified in writing for that purpose by the owner or owners of said land, proceed under the act to which this is supplemental, and cause said right of way to be condemned ; and on failure of such company so to proceed, the owner or owners, as aforesaid, may file a petition in the pro *285 bate court of the proper county, observing the same mode of proceeding as is provided in said act, and said cause shall be conducted, in every respect, to final judgment, so far as the same is practicable, as provided by said act, to which it is supplemental; and if said company shall fail to pay such damages and costs as may be awarded against it in such proceeding, the same shall be collected by'execution, as in other cases; provided, however, that nothing in this act shall be so construed as to prevent the owner or owners of such land and such company from agreeing upon the amount of damages due to such owner or owners.
Sec. II. “ This act shall take effect and be in force from and after its passage; provided further, that if execution shall be duly returned unsatisfied, with the indorsement that no goods or chattels, land or tenements, can be found whereon to levy, to satisfy the same, the court may by injunction restrain such company from using or occupying the lands of such owner until the said judgment and eosts shall be paid.”
Here it is to be observed, that it is made the imperative duty of the railroad company, upon receiving the proper notice from the land-owner, to proceed within ten days, under the apt of 1852, to cause the right of way to be condemned. In case the company complies with this positive requirement of the statute, then the proceeding being directly under the act of 1852, the limitation as to the right of review, contained in its ninth section, must unquestionably apply to the case. But if the company makes default, and thus throws upon the land-owner the onus of becoming the actor in proceedings intended to accomplish the same object, and which are required to be conducted in every respect to final judgment, as provided in the same act of 1852, could it have been intended that the company should, by its own default, acquire a right to delay a final adjudication and settlement of the controversy, by reviewing the judgment of the probate court, at any time within three years from its date ? The policy of the statute contemplates a fair and just ascertainment and adjustment of the rights of the parties without unnecessary delay, and no good reason is perceived for leaving the con *286 troversy longer open in the one case than in the other. The purpose of the act of 1865 was to enforce the prompt payment of proper compensation to the land-owner, and not to permit the continued use of a right of way which had never been paid for, or otherwise adjusted with him.
The statute of 1865 directs that the same mode of proceeding shall be observed, and the cause be conducted in every respect to final judgment, so far as practicable, as is provided by the act of 1852. We do not find, in this language, the implication suggested by counsel, that the proceedings in review, after judgment shall not be governed by the limitation of the same act. We regard this merely as a declaration that the whole proceeding, from its inception to its termination, should, as far as practicable, be governed by the act of 1852.
Again, .the questions which the plaintiff in error here seeks to present are mainly brought into the record by bills of exception taken during th.e progress of the case in the probate court. We know of no authority for taking bills of exception in such special proceedings in the probate court, excepting that which is found in this same ninth section of the act of 1852. We think it clear that a party who would avail himself of the rights conferred by this section must exercise them in the mode and subject to the limitations which its terms prescribe.
We hold, therefore, that the judgment of the probate court, in this case, was not subject to review by the court of common pleas, upon a petition in error filed after lie lapse of fifteen days from its date; that the judgment of affirmance rendered by the latter court is simply nugatory, and does not prejudice the plaintiff in error; and that the present petition in error must be dismissed.
Beinkeehoee, C.J., and Welch, White, and Day, Jl concurred.